IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:CV-05-0389 |
| v. : | |
| : | (Judge McClure) |
| PAUL J. MANGIARDI, : | |
| Defendant. : | |

**O R D E R**

April 26, 2005

**BACKGROUND:**

On or about February 18, 2005, prisoner Paul J. Mangiardi, proceeding *pro se*, filed a document captioned "Rule 60(b) motion to void judgment due to jurisdiction, fraud upon the court, change in legislative law and change in critical facts."[1] Convicted of numerous counts of mail fraud and one count of conspiracy, Mangiardi is currently serving a sentence of 150 months (to be followed by a three-year period of supervised release). The United States Court of Appeals for the Third Circuit affirmed the judgment of conviction and sentence, and the Supreme Court of the United States denied Mangiardi's petition for writ of certiorari.

---

[1] Mangiardi's motion was originally assigned as a new civil case to Chief Judge Vanaskie before it was reassigned here as a civil case related to Mangiardi's criminal case, No. 4:CR-95-0233.

On or about May 3, 2002, this court denied Mangiardi's motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. On May 20, 2003, this court received the Third Circuit's order denying Mangiardi's request for a certificate of appealability as to the denial of his § 2255 motion.

Now, for the following reasons, we will deny the instant motion.

**DISCUSSION:**

The Third Circuit recently held that a Rule 60(b) motion should be construed as an unauthorized successive habeas petition if it seeks to collaterally attack the prisoner's underlying conviction. See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (discussing Rule 60(b) motions in relation to 28 U.S.C. § 2254). The motion may be adjudicated on the merits only if it seeks to attack the manner in which the earlier habeas judgment was procured. Pridgen, 380 F.3d at 727.

In his instant motion, Mangiardi attempts to raise a number of arguments attacking the validity of his indictment, trial, conviction, and sentencing. Given the thrust of his arguments, his Rule 60(b) motion is really a second or successive habeas motion. This court lacks jurisdiction to entertain a second or successive habeas motion filed without prior authorization from the Third Circuit. See 28 U.S.C. § 2255, ¶8. Mangiardi also fails to demonstrate that the remedy afforded to

him by § 2255 is inadequate or ineffective. Therefore, he is not entitled to seek habeas-like relief via an alternative avenue such as a Rule 60(b) motion. See United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000).

To the extent Mangiardi's motion could be construed as a proper Rule 60(b) motion, it will be denied. A Rule 60(b) motion is not a substitute for an appeal and it is improper to grant a Rule 60(b) motion when the movant could have reasonably sought the same or similar relief on direct appeal. See Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999); Martinez-McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977). Mangiardi could have raised a number of his current arguments on direct appeal.

Additionally, a Rule 60(b) motion must be filed in a reasonably timely manner following the order from which relief is sought. See Fed. R. Civ. P. 60(b). The court finds that Mangiardi did not file his Rule 60(b) motion in a timely manner, given that it came almost three years after this court denied his first § 2255 motion, and almost two years after the Third Circuit denied Mangiardi's request for a certificate of appealability. See Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1347 (3d Cir. 1987) (finding Rule 60(b)(6) motion to be untimely where party waited nearly two years after judgment of district court to file motion); see also Crews v. Horn, 360 F.3d 146, 154-55 (3d Cir. 2004) (stating that 30 days is

reasonable interval for state prisoner to file application for state post-conviction relief following stay of federal habeas petition).  Even it the motion was timely, no extraordinary circumstances exist which would entitle Mangiardi to the relief he seeks in his motion.  See Pridgen, 380 F.3d at 728.  Accordingly, Mangiardi's motion will be denied to the extent it can be construed as a proper Rule 60(b) motion.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Mangiardi's Rule 60(b) motion (Rec. Doc. No. 1), is dismissed for lack of subject-matter jurisdiction because it is really an unauthorized second or successive habeas motion.  To the extent it is a proper Rule 60(b) motion, it is denied.

2. The clerk is directed to close the civil case file.

                                                s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge